## CHAS. DAVIS, ALIAS JOHNSON, v. THE STATE.

### No. 730.   Decided October 19, 1910.

**Misdemeanor Theft—Information—Bad Pleading.**

Where the affidavit and information were inconsistent, and did not show whether George Davis or Charles Davis got the alleged stolen property from the prosecuting witness, or which one appropriated it, or whether they were one and the same person, a motion in arrest of judgment should have been sustained.

Appeal from the County Court of Fort Bend.   Tried below before the Hon. G. C. Baker, Jr.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $10.

The opinion states the case.

*W. L. Davidson,* for appellant.—Cited Abbey v. State, 35 Texas Crim. Rep., 589; Calkins v. State, 34 Texas Crim. Rep., 251; Smith v. State, 38 Texas Crim. Rep., 232; Yost v. State, 38 S. W. Rep., 192.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for theft of property under the value of $50 with a penalty of $10 fine.

The affidavit and information allege "that Chas. Davis, alias Johnson, in the County of Fort Bend, and State of Texas, on or about the 19 day of February, 1910, and before the filing of this Information, was then & there in possession of a ring of the value of $5, the property of Pearcy Franklin, the said Pearcy Franklin having loaned said ring to Geo. Davis, who did then and there, without the consent of the said Pearcy Franklin, unlawfully & fraudulently, convert the said ring to his own use, with the intent to deprive the owner thereof of the value of the same.   Contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State."   Appellant filed a motion in arrest of judgment because the information and complaint allege that Chas. Davis, alias Johnson, was in possession of the ring by virtue of the owner, Pearcy Franklin, having loaned it to Geo. Davis, and that the allegations are inconsistent in that they allege the possession of

the property in one person, to wit: Chas. Davis and the appropria-
tion of it by Geo. Davis. There is no allegation in the information
or complaint that Geo. Davis and Chas. Davis are one and the
same person. It does not show any connection between Geo.
Davis and Chas. Davis. We think the affidavit and information
are both bad; that the allegations are inconsistent and we are not
advised by the complaint or information as to whether Geo. Davis
or Chas. Davis got the ring from the prosecuting witness, or which
one appropriated it. The affidavit and information being defective
the conviction in this case will be set aside and the case reversed
and the prosecution ordered dismissed.

*Reversed and dismissed.*